[Civ. No. 1823. Fourth Appellate District.—April 20, 1937.]

EARL C. HOWARD, as Surviving Partner, etc., Appellant, v. EDGAR E. STARKS et al., Respondents.

C. M. Ozias and Bert M. Green for Appellant.

Laurence B. Myers for Respondents.

BARNARD, C. J.—The plaintiff sold a truck and trailer to the defendants under a conditional sale contract. The property was repossessed and resold and this action was brought to recover the balance of the purchase price. The complaint alleged that the defendants had placed the property upon a vacant lot and had abandoned it. The court found in favor of the defendants and the plaintiff has appealed from the judgment.

The appellant contends that certain findings are not supported by the evidence. ■ While we think that no more than a conflict appears in each instance, all but one of the findings attacked are immaterial and that one only need be here considered. This finding is to the effect that it is not true that the respondents placed said personal property upon a vacant lot and abandoned the same, and that it is true that on June 1, 1935, prior to any default on the part of the respondents, they returned all of said property to the appellant who then repossessed the same and rescinded the contract, and that it is true that the appellant forfeited all rights under the contract.

The equipment was sold on May 21, 1935, and the first payment under the contract came due on June 21, 1935. One of the respondents testified that when he purchased the equipment the appellant told him "If the truck couldn't handle fifteen tons, you bring it back to us and there will be nothing said;" that he tried to haul "fifteen tons" and the frame of the truck broke; that he took the truck and trailer back to the appellant's garage and told the appellant that it would not do the work; that he returned the equipment to the appellant the last of May or the first of June; that he heard nothing more from the appellant for a week or so when the appellant tried to sell him another truck; that on another occasion the appellant told him they would have some other trucks in a few days "and we will see what we can work out on an Indiana"; that he went to the appellant's place of business later but found they did not have any Indiana trucks there; and that he heard nothing more from the appellant. He also testified that no demand was ever made upon him by anyone

for payment of any instalment under the contract. From other evidence it appears that the appellant sold the truck and trailer to other parties.

It appears, without conflict, that three weeks before the first payment on the contract became due the truck and trailer were repossessed and resold and that no demand for payment was ever made upon the respondents. While a conflict appears with respect to a part of the circumstances surrounding the return of the truck, the evidence, with the reasonable inferences therefrom, is sufficient to support the finding in question.

Some contention is made that the appellant could not have agreed to a rescission because the contract had been assigned by him to a finance company, and that the respondents had knowledge of this fact. It does not appear when the contract was assigned to this finance company. While there is evidence that the respondents knew that the appellant intended to assign the contract to this finance company, there is a decided conflict as to whether they knew that the assignment had been made, if in fact it was made before the rescission took place. In any event, this entire matter is immaterial since the contract was reassigned to the appellant by the finance company before this action was brought.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.